**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3159-24

ALINA MYRONOVA,

    Plaintiff-Respondent,

v.

SURENDER MALHAN,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

VIKTORIA MYRONOVA,

    Third-Party Defendant.
_____

SPACEAGE CONSULTING
CORP.,

    Plaintiff,

v.

ALINA MYRONOVA and
VIKTORIYA MYRONOVA,

    Defendants.

Submitted May 28, 2026 – Decided July 16, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0339-21.

Surender Malhan, self-represented appellant.

Alina Myronova, self-represented respondent.

PER CURIAM

In this post-judgment matrimonial action, defendant Surender Malhan appeals from three orders requiring him to comply with the terms of a final judgment of divorce (JOD). Among other things, the terms of the JOD ordered him to pay plaintiff Alina Myronova $130,888 for her share in the increase in value of defendant's business, SpaceAge Consulting Corp., and $35,000 to the Clerk of the Superior Court as a sanction for violating various court orders during the divorce proceedings.

The underlying divorce proceedings spanned over a decade and culminated in a trial lasting over 100 days. Pursuant to the JOD, defendant was ordered to pay $1,842,237.20 in child support arrears and $504,108 in spousal support arrears. The JOD also directed the immediate sale of three

2

units of property in Jersey City.  Pursuant to the JOD, defendant was to receive 35% of the proceeds from these sales.  Because of the outstanding arrears, upon the closing of each sale of the three units, defendant's share should have been sent directly to the Probation Division.  However, that was done for only one of the units.  For the other two units, defendant's share was sent directly to plaintiff's attorneys.  As a result, defendant maintains his arrears were never reduced by the payment of the proceeds for those two units.  To address this discrepancy, a consent order was entered in March 2024 in which the court directed the Probation Division to credit defendant's account with his share of the proceeds from the two sales.  Defendant maintains he has never received this credit to reduce his arrears.

Defendant argues, because he has not received this credit, his other obligations in the JOD—to pay $130,888 to plaintiff for her share of his business and $35,000 to the Clerk of the Superior Court —should be offset by what he should have received from the sale of the units.  The trial court rejected this argument, reasoning the obligation to pay arrears is distinct from both the $130,888 awarded as part of the equitable distribution and the $35,000 owed to the court as a sanction.  After careful review, we agree and affirm.  However, in light of defendant's contention that the court has not

3

properly enforced a March 2024 consent order, we remand and order an accounting be performed by the Probation Division within thirty days, to be reviewed by the trial court, to ascertain whether the Probation Division has appropriately complied with the terms of the March 2024 consent order.

I.

The parties were married in October 2004. There are two children born of the marriage, in March 2006 and August 2009, respectively. Plaintiff filed a complaint for divorce in February 2011. On February 25, 2022, following over 100 days of trial, the court issued a final judgment of divorce (JOD) and accompanying 338-page opinion, which we affirmed on appeal. See Myronova v. Malhan, No. A-2156-21 (App. Div. Aug. 20, 2025).

The JOD granted plaintiff legal and physical custody of the children, set child support at $675 per week, and calculated outstanding child support arrears as $113,988. The JOD set the outstanding spousal support arrears at $252,054 but did not award plaintiff continuing spousal support. The JOD also awarded plaintiff $1,980,303.20 in counsel fees, directing $252,054 of that amount be entered as spousal support arrears, and $1,728,249.20 be entered as child support arrears. In total, this amounted to $1,842,237.20 in child support arrears and $504,108 in spousal support arrears. The court

4

ordered defendant to pay $1000 per week towards these arrears ($500 for the child support arrears and $500 for the spousal support arrears).

Additionally, the JOD ordered defendant to pay "$130,888 [to plaintiff] as her share of the increase in value for SpaceAge" and $35,000 to the Clerk of the Superior Court as a sanction for violating the court's orders during the divorce proceeding. Both amounts were to be paid within thirty days.

The JOD also ordered several apartment units in Jersey City to be sold immediately. Plaintiff was given limited power of attorney to facilitate the sales. For units 5G, 12P, and 2L, the net proceeds were to be divided so that plaintiff received 65% and defendant received 35%. For units 1M and 1N, plaintiff would receive 40% and defendant would receive 60%.

With respect to units 1M and 1N, defendant bought out plaintiff's interest and remained the owner of both units. The other three units were sold to third parties. Unit 5G was sold in November 2022. According to the closing statement, defendant's share of the proceeds, $48,372.07, was sent to the Probation Division. Unit 12P was sold in November 2022, but defendant's share of the proceeds, $61,670.29, was sent directly to plaintiff's attorneys. Finally, Unit 2L was sold in November 2023, and defendant's share of the proceeds, $173,341.68, was also sent to plaintiff's attorneys.

5

Because the proceeds from the sales of units 12P and 2L were never sent directly to the Probation Division, defendant claims he never received credit to reduce his arrears. Accordingly, a consent order was entered on March 25, 2024, which directed probation to reduce defendant's child support arrears by $61,670.29 (from the sale of 12P) and $173,341.68 (from the sale of 2L). Despite the entry of the consent order, defendant maintains he has never received those credits to reduce his arrears.

On October 28, 2024, the trial court denied defendant's post-judgment motion to transfer venue to Hudson County, terminate child support, and sanction plaintiff for violating the JOD. In the same order, the court granted plaintiff's cross motion to enforce the JOD, ordering defendant to pay $130,888 for plaintiff's equitable share of the increase in the value of Space Age and $35,000 to the Clerk of the Superior Court.

Defendant then moved for reconsideration, arguing the $130,888 and $35,000 he was ordered to pay, as well as his child support arrears, should be offset by his share of the proceeds from the sale of real estate to which he was entitled pursuant to the JOD. On January 17, 2025, the court denied the motion for reconsideration but granted defendant's request for an accounting of

A-3159-24

the sale of the units and ordered plaintiff to provide defendant with copies of the closing statements.

On April 13, 2025, plaintiff filed another enforcement motion. Defendant cross-moved for reconsideration of the January 17, 2025 order, again arguing the amounts owed should be offset by his share of the proceeds from the sale of the Jersey City properties. The court granted plaintiff's motion and once again, as it did in the October 28, 2024 order, ordered defendant, in accordance with the judgment of divorce, to pay $130,888 for plaintiff's share of the increase in value of defendant's business and $35,000 to the Clerk of the Superior Court. The court also sanctioned defendant for his failure to comply with the JOD and the October 28, 2024 order by requiring him to pay $5 per day to the Clerk of the Superior Court.

Defendant now appeals from the above-described portions of the October 28, 2024, January 17, 2025, and May 23, 2025 orders.

II.

"Our review of Family Part orders is limited." Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019). "We 'afford substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters.'" Voynick v. Voynick, 481 N.J. Super. 207, 220-21 (App. Div.

2025) (quoting W.M. v. D.G., 467 N.J. Super. 216, 229 (App. Div. 2021)). Thus, a court's findings "are binding on appeal so long as [its] determinations are 'supported by adequate, substantial, credible evidence.'" Gormley, 462 N.J. Super. at 442 (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).

Child support orders are judgments by operation of law. N.J.S.A. 2A:17-56.23a. As such, they automatically impose a lien on any real property owned by the judgment debtor. See N.J.S.A. 2A:16-1; Borromeo v. DiFlorio, 409 N.J. Super. 124, 135 (App. Div. 2009). Thus, the proceeds from the sale of real property owned by an individual with an outstanding child support obligation are used to satisfy that lien. See Phillips v. Phillips, 138 N.J. Super. 246, 248 (App. Div. 1975) ("It is axiomatic that liens on a particular property should be satisfied prior to any distribution of the proceeds to the property owner or owners.").

Defendant argues on appeal he never received credit towards his child support arrears for his portion of the sale proceeds of units 12P and 2L. Therefore, he argues the other amounts he owes pursuant to the JOD (130,888 for plaintiff's share of the increase of value of Space Age and the $35,000 sanction) should be offset by the $235,011.97 credit to which he is entitled.

The trial court correctly rejected this argument. As the court noted, "the funds Defendant owes to Plaintiff for her share of SpaceAge and to the Clerk of the Superior Court are in addition to, not in lieu of, child support." We agree. The $235,011.97 credit, if it has not yet been applied, is an offset to the child support arrears defendant currently owes. The $130,888 represents an equitable distribution to plaintiff and the $35,000 is payable directly to the Clerk of the Superior Court. Defendant's outstanding child and spousal support arrears are entirely separate, additional obligations.

It is not clear from the record before us whether defendant's outstanding child support arrears have been reduced by his share of the proceeds from the sale of units 12P and 2L. According to plaintiff's attorneys in the divorce proceeding, upon closing, defendant's share was sent directly to their law firm, not the Probation Division. The parties executed a consent order directing defendant's child support arrears be reduced by defendant's share of the sale proceeds, but defendant maintains the Probation Division never reduced his arrears as directed by the consent order. In addressing this argument, the trial court assumed "any credits received from the sale of the apartments were a credit in Defendant's obligation towards Plaintiff's counsel fees." That

9

conclusion misconstrues the JOD, which converted the award of attorney's fees into spousal and child support arrears.

Based on the Probation Division's year-end statement for 2024, it is not clear if the Division ever complied with the consent order (entered March 2024) and reduced defendant's child support arrears by $61,670.29 and $173,341.68. Additionally, defendant claimed in his certification: "To this day, (despite the Order signed by this Court that I provided to Probation a year ago) money from the sale of 2L and 12P has never been credited. So when I checked the probation report a few months back and found no credits for sale of 2L and 12P, I believed that the request for credit for 2L and 12P must have been denied." In an opinion accompanying its August 14, 2025 order (resolving another post-judgment enforcement motion filed after the present notice of appeal) the court declined to explore the issue further, reasoning "any inquiry Defendant may have concerning credits due him as a result of disbursements to Plaintiff's former counsel should be directed to Probation." Because a consent order was entered by the trial court, we remand this matter for the limited purpose of ordering an accounting to be performed by the Probation Division within thirty days, to be reviewed by the trial court, to ascertain whether the Probation Division has appropriately complied with the

10

terms of the March 2024 consent order. The results of that review will be placed on the record.

Finally, in its October 28, 2024 order, the trial court denied defendant's motion to terminate or modify his child support obligation with respect to his son, born in March 2006. The direct appeal of the trial, including the child support award, was pending on October 28, 2024. Therefore, the trial court did not have jurisdiction to consider a motion to terminate or modify child support at that time. See R. 2:9-1. We affirm the dismissal of defendant's motion to modify or terminate child support as the direct appeal of the JOD was pending as of the date of that motion. Since that appeal has since adjudicated, defendant may renew the motion, if appropriate.

All orders on appeal are affirmed but the matter is remanded for the limited purpose of ensuring the child support adjustment awarded to defendant in the March 24 consent order has been credited.

Affirmed and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-3159-24